**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 08-0053-WS-B** |
| | ) | |
| **MICHAEL B. HOWELL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter comes before the Court on plaintiff's Motion to Extend Time for Service of Process and Motion for Permission to Serve by Publication (doc. 7).

As reflected by the Show Cause Order (doc. 6) entered on June 23, 2008, defendant Michael B. Howell has not appeared in this action to date, and the Government has failed to submit proof of service as required by Rule 4(*l*)(1), Fed.R.Civ.P., and Local Rule 4.1(a). Moreover, the 120-day time limit for service provided by Rule 4(m), Fed.R.Civ.P., has expired. The Government now seeks to enlarge that deadline and to obtain permission for service by publication on the ground that defendant is evading service.

The law is clear that "[a] plaintiff is responsible for serving the defendant with a summons and the complaint within the time allowed under Rule 4(m)." *Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1280-81 (11th Cir. 2007). Rule 4(m), Fed.R.Civ.P., provides in pertinent part as follows:

> "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – *must dismiss the action without prejudice against that defendant or order that service be made within a specified time*. But *if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period*."

*Id.* (emphasis added). On its face, then, Rule 4(m) provides for dismissal if service is not achieved within 120 days, absent either (a) good cause for a plaintiff's dilatory service or (b) a decision by the Court to exercise its discretion in favor of extending the time for service without a showing of good cause. *See, e.g., McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191,

196 (3d Cir. 1998) (observing that dismissal under Rule 4(m) may be avoided if plaintiff shows good cause or court chooses to exercise discretion in favor of extending time); *Lau v. Klinger*, 46 F. Supp.2d 1377, 1380 (S.D. Ga. 1999) (after expiration of 120-day period, Rule 4(m) provides safety net to avoid dismissal only by a showing of good cause or by convincing the court to use its discretion to extend time even in absence of good cause). Where good cause is shown, a court must extend time for service; however, in the absence of good cause, a court may, in its discretion, allow an extension or dismiss the case without prejudice. *See Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

The plaintiff bears the burden of showing good cause. *See Wilson v. Prudential Financial*, 332 F. Supp.2d 83, 87 (D.D.C. 2004) ("where the plaintiff fails to effect proper service within the 120-day time limit laid down by Rule 4(m), the plaintiff carries the burden of showing good cause for that failure"). The Government has made such a showing in this action, inasmuch as Howell appears to be evading service of process despite repeated diligent attempts by the Government via personal service and otherwise to perfect same in March and April 2008; therefore, the "good cause" provision of Rule 4(m) entitles plaintiff to additional time for service of process here. *See, e.g., Lau*, 46 F. Supp.2d at 1380 (recognizing that "good cause may be shown by showing the bad faith of a defendant who attempts to evade service"); *United States v. Sea Bay Development Corp.*, 2007 WL 1378544, *5 (E.D. Va. May 8, 2007) ("A defendant's evasion of service can constitute good cause.").

Even if the Government's showing of good cause were wanting, "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Horenkamp v. Van Winkle and Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005). Indeed, the Eleventh Circuit has opined that "when a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Lepone-Dempsey*, 476 F.3d at 1282. In determining whether to exercise its discretion in favor of such an extension, this Court may consider such factors as whether, for example, the applicable statute of limitations would bar the refiled action, whether the defendant is evading service or has otherwise concealed a defect in service, and whether the defendant had actual notice of the suit. *See id.*; *Feingold v. Hankin*, 269 F. Supp.2d 268, 277 (S.D.N.Y. 2003)

(discretion to extend Rule 4(m) deadline turns on such factors as whether statute of limitations would bar re-filing, whether defendant attempted to conceal defect in service, whether defendant would be prejudiced by the extension, and whether defendant had actual notice of lawsuit); *Colasante v. Wells Fargo Corp.*, 211 F.R.D. 555, 561 (S.D. Iowa 2002) (similar).  The record reflects that the Government has attempted to establish contact with and to perfect service of process on Howell at his known address several times, including specifically at least three attempts by the United States Marshal Service to serve process on Howell at his residence in March and April 2008.  Those efforts were not successful, even though Howell had actual knowledge of this lawsuit and the Government's attempts to serve him.  Additionally, in telephonic communications between the Government's counsel and Howell, Howell asked the Government to mail him a second copy of the Complaint and Summons, but then failed to respond in any manner after the Government complied.  Taken in the aggregate, these circumstances support a reasonable inference that Howell is evading service, justifying a discretionary extension of the 120-day deadline for service of process in this case.  It further appears that no substantial prejudice will accrue to defendant by virtue of a short extension of the Rule 4(m) deadline.

In light of these circumstances, the Court exercises its discretion in favor of extending the time for service for a reasonable time to allow for service by publication to be effected. Furthermore, the Court concludes that the Government's showing in favor of service by publication comports with the legal requirements prescribed in Rule 4.3, Ala.R.Civ.P. Accordingly, service by publication is hereby **authorized and approved** as to defendant Howell, and the deadline for plaintiff to perfect service of process is **extended** through and including **August 22, 2008**, to enable service by publication.  Plaintiff's Motion is therefore **granted** as to both the request for enlargement of the Rule 4(m) deadline and the request for leave to serve defendant via publication.

In light of the foregoing, it is **ordered** that publication be made in the *Press-Register*, a newspaper of general circulation published in Mobile County, Alabama, once a week for four consecutive weeks.  Defendant Howell is hereby notified of the issuance of the Summons and Complaint for money judgment in this action, and is **ordered** to appear within **30 days** after

notice by publication is completed, barring which a judgment by default may be rendered against him without further notice.  Plaintiff is **ordered** to cause to be filed proof of service by publication pursuant to Rule 4.3(d)(5), Ala.R.Civ.P.

The Clerk of Court is **directed** to mail a copy of this Order and the accompanying Legal Notice to defendant via certified mail, return receipt requested, at 6392 Woodside Drive N., Theodore, AL 36582.

DONE and ORDERED this 24th day of June, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE