IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 08-0053-WS-B |
| | ) |
| MICHAEL B. HOWELL, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on plaintiff's Application for Entry of Default (doc. 13) pursuant to Rule 55(a), Fed.R.Civ.P. Defendant has filed a pleading styled "Answer and Motion for Additional Time to Respond and Motion to Deny Application for Entry of Default" (doc. 14), and plaintiff has filed a Reply (docs. 15 & 16) to same.

Plaintiff, the United States of America, filed this action against defendant, Michael B. Howell, in January 2008, seeking to recover approximately $12,000 in principal, interest, administrative charges, and penalties for unemployment insurance payments that he allegedly received from the Railroad Retirement Board in 2002 while working for non-federal employers. The court file suggests that Howell consciously thwarted the Government's repeated attempts to serve him with process in this case over a prolonged period of time. Back on January 24, 2008, the Government mailed a copy of the complaint and a request for waiver of service of summons to Howell at 6392 Woodside Drive N., Theodore, AL 36582. (*See* doc. 2.) When Howell failed to return the waiver of service within the prescribed time period, the United States Marshal Service attempted (without success) to serve Howell at that same address on multiple occasions in March and April 2008. (*See* doc. 5.) The Government contacted Howell by telephone on April 17, 2008 regarding service of process issues, at which time he requested that another copy of the Complaint be mailed to him. (*See* doc. 16.) The Government obliged on April 18, 2008, but once again Howell failed to return the waiver of service. (*Id.*)

Confronted with these facts, on June 24, 2008, the Court entered an Order (doc. 8)

granting the Government's request for service by publication and ordering Howell to appear within 30 days after notice by publication was completed, barring which default judgment would be entered against him without further notice.  The Clerk of Court mailed a copy of the June 24, 2008 Order to Howell at 6392 Woodside Drive N., Theodore, AL 36582 via certified mail, return receipt requested; however, that mailing was returned by the U.S. Postal Service as unclaimed on July 18, 2008.  (*See* doc. 10.)  Service by publication was completed on August 15, 2008.  When defendant failed to appear within the prescribed time period thereafter, the Government filed its Application for Entry of Default on September 23, 2008.

The very next day, Howell, proceeding *pro se*, filed a response to the Application of Entry of Default, wherein he alleged the following: (1) he had "recently learned" of his status as a defendant in this case;[1] (2) he had "never been served with a copy of the complaint"; (3) because of a contested divorce proceeding, his mail had been "intercepted and not delivered"; (4) he generally denied the allegations of the Complaint until such time as he could obtain and review a copy of the Complaint; and (5) because of his financial difficulties, he requested that an attorney be appointed to represent him herein.  Howell's response recites the same 6392 Woodside Drive N. address that the Government unsuccessfully used to serve him with process (both personally and by mail) on multiple occasions and that the Clerk of Court unsuccessfully used to serve him with a copy of the June 24 Order.

The Government's Reply contests a number of Howell's allegations, including specifically the suggestion that he had only recently become aware of his status as a defendant in this action.  That Reply also documents various direct interactions between Howell and the Government's attorney concerning this matter in late September 2008, and specifically reflects that the Government sent a third copy of the Complaint to Howell at a Post Office Box address that he designated on September 26, 2008.  Presumably, then, Howell now has received and reviewed a copy of the Complaint.

At a minimum, Howell has not exercised diligence or reasonable care with respect to the

---

[1] Howell offers no specifics as to when or how he contends he first became aware of the pendency of this federal lawsuit against him, nor does he explain how he came to file his response just one day after the Government filed its Application for Entry of Default.

Government's efforts to serve him with process in this matter during the last eight months.  In light of all that has transpired, Howell's protestations that (through no fault of his own) he was not receiving mail relating to this lawsuit sent to the address he identifies as his address of record and that he is only just now learning of the pendency of this action defy logic and common sense.  To the contrary, it appears that Howell was actively evading service for a period of months.  Be that as it may, Howell has appeared in this action now.  He has expressed a desire and a willingness to defend against the claims joined in this lawsuit.  He has articulated a general denial of all of the allegations against him.  Under the circumstances, to enter a default and default judgment against a defendant who has appeared (albeit in a highly delinquent manner and without persuasive justification for same) would be an excessive and unduly onerous sanction.  After all, it is black-letter law that "defaults are seen with disfavor because of the strong policy of determining cases on their merits."  *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993); *see also In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (similar).  Indeed, "[d]efaults are reserved for rare occasions and when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party."  *Canfield v. VSH Restaurant Corp.*, 162 F.R.D. 431, 434 (N.D.N.Y. 1995); *see also McGarey v. York County*, 233 F.R.D. 220, 222 (D. Me. 2006) (rule governing defaults "is tempered by the philosophy that actions should ordinarily be resolved on their merits") (citation omitted); *McMillen v. J.C. Penney Co.*, 205 F.R.D. 557, 558 (D. Nev. 2002) ("Because defaults are generally disfavored, courts resolve such motions so as to encourage a decision on the merits.").  Given the strong policy in federal court for actions to be decided on their merits, and given Howell's attempt to file an answer and his present assertion that he is prepared to defend against this action on the merits, the Government's Application for Entry of Default (doc. 13) is **denied** at this time.

      That said, Howell is cautioned that this Court will not tolerate dilatory or evasive conduct or gamesmanship by any litigant appearing before it.  Notwithstanding his *pro se* status, he is expected to know and scrupulously comply with the Federal Rules of Civil Procedure, the Local

Rules of this District Court and the Orders entered by judges of this District Court in this action.[2] To assist him in this regard, the Clerk of Court is directed to send Howell a copy of this District Court's *Pro Se* Litigant Guide at his address of record. Howell is expected to be fully familiar and compliant with this Guide in all further proceedings in this action. Additionally, the Court will not be sympathetic to future assertions by Howell that his mailbox has been compromised and that he is not receiving mailings relating to this action. It is Howell's responsibility as a litigant to furnish the Clerk of Court with a viable, secure mailing address. If he does not want court mail to be delivered to him at the 6392 Woodside Drive N. address designated in document 14, then it is incumbent on him to provide the Clerk of Court with written notice of a post office box or other working address that he wants the Clerk and opposing counsel to utilize in sending court papers to him in these proceedings.[3] Going forward, Howell will not be excused from court deadlines or litigation requirements on the basis of lack of notice, where he designated an address of record that he knows to be unsecure or failed to claim certified mail delivered to him at that address.

With respect to Howell's request to appoint counsel to represent him in this matter because he is unable to afford a lawyer, that request is **denied**. Howell has made no showing of indigency, and does not appear unable to hire an attorney if (as he acknowledges) he is able to retain counsel to represent him in ongoing divorce proceedings. *See generally Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (adopting test for indigency that "litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide

---

[2] *See* Local Rule 83.9(b) ("All litigants proceeding *pro se* shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil and Criminal Procedure, unless otherwise excused from operation of the rules by court order."); *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure").

[3] "Any person proceeding in this Court *pro se* shall, at all times during the pendency of the action to which he or she is a party, keep the court informed of his or her current address and telephone number, and shall promptly inform the court of any change in such address. A party's failure to comply may result in the dismissal of the party's action for failure to prosecute and obey the rules of this Court." Local Rule 83.9(c).

necessities for himself and his dependents"). There is no indication in the file that Howell has even tried to hire an attorney to represent him in this case within whatever budget he may have. Even assuming that Howell lacks the financial wherewithal to retain counsel, the decision of whether to appoint counsel to a civil litigant is entrusted to the district court's discretion pursuant to 28 U.S.C. § 1915(e)(1). *See Mallard v. United States Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989); *Bass v. Perrin*, 170 F.3d 1312, 1319-20 (11th Cir. 1999). Appointment of counsel is not mandatory except in exceptional circumstances where the complexity of the case or the competence of the defendant renders *pro se* defense of the claim fundamentally unfair. *See id.*; *Steele v. Shah*, 87 F.3d 1266, 1270-71 (11th Cir. 1996); *Kilgo v. Ricks*, 983 F.2d 189, 193-94 (11th Cir. 1993); *Poole v. Lambert*, 819 F.2d 1025, 1928-29 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). No such circumstances appear to be present here; therefore, Howell will not be appointed an attorney to represent him in this matter free of charge.

Finally, the Court notes that Howell's general denial of the allegations of the Complaint is not a proper response to a pleading within the meaning of Rule 8(b), Fed.R.Civ.P. Howell is **ordered**, on or before **October 22, 2008**, to serve and file an answer that admits or denies each allegation of the Complaint on a paragraph by paragraph basis and that identifies any affirmative defenses on which Howell intends to rely. In drafting his Answer, Howell is specifically referred to Rules 8(b) through 8(d), as well as Rule 11 of the Federal Rules of Civil Procedure. Howell is cautioned that failure to file an answer in a timely manner as required by this Order may result in entry of default against him for failure to comply with the orders of this Court.

The Clerk of Court is **directed** to mail a copy of this Order to Howell via certified mail, return receipt requested, at his address of record, to-wit: 6392 Woodside Drive, N., Theodore, Alabama 36582.

DONE and ORDERED this 8th day of October, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE