IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 08-0053-WS-B |
| | ) |
| MICHAEL B. HOWELL, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on plaintiff's Motion for Entry of Default Judgment or in the Alternative Motion for Judgment on the Pleadings (doc. 19). Despite having been served with copies of that Motion at two different addresses some 10 days ago, defendant has not responded via any court filing.

**I.     Relevant Background.**

Plaintiff, the United States of America, filed this action against defendant, Michael B. Howell, in January 2008, seeking to recover approximately $12,000 in principal, interest, administrative charges, and penalties for unemployment insurance payments that he allegedly received from the U.S. Railroad Retirement Board in 2002 while working for non-federal employers. After numerous unsuccessful attempts to serve Howell with process at his residence via waiver of service and personal service, all under circumstances strongly suggesting that Howell was actively evading service of process and that he possessed actual knowledge of these proceedings, the Government perfected service by publication on August 15, 2008. When Howell failed and refused to appear within the allotted time, the Government filed an Application for Entry of Default (doc. 13) on September 23, 2008. The very next day, Howell, proceeding *pro se*, filed a document (doc. 14) in which he stated that he had only recently become aware of this litigation, that he had never been served with a copy of the Complaint, that his mail had been intercepted, and that he was generally denying the allegations of the Complaint until such time as he could review the specifics of the Government's claims against him.

Howell's filing utilized the same address (6392 Woodside Drive North, Theodore, AL 36582) at which the Government had attempted to serve process and to which Court notices have been consistently sent in this case.

On October 8, 2008, the undersigned entered an Order (doc. 17) denying the Government's application for entry of default, while issuing pointed instructions to Howell about what was expected of him in this litigation. Among this Court's admonitions in the October 8 Order were the following: (a) "Howell is cautioned that this Court will not tolerate dilatory or evasive conduct or gamesmanship by any litigant;" (b) Howell "is expected to know and scrupulously comply with the Federal Rules of Civil Procedure, the Local Rules of this District Court and the Orders entered by judges of this District Court in this action;" (c) Howell is expected to familiarize himself with and to act in conformity with the *Pro Se* Litigant Guide mailed to him by the Clerk of Court; and (d) Howell bears sole responsibility "to furnish the Clerk of Court with a viable, secure mailing address." (Doc. 17, at 3-4.) The Court specifically informed Howell that his general denial of the Complaint was improper under Rule 8(b), Fed.R.Civ.P. On that basis, the Court stated as follows:

> "Howell is **ordered**, on or before **October 22, 2008**, to serve and file an answer that admits or denies each allegation of the Complaint on a paragraph by paragraph basis and that identifies any affirmative defenses on which Howell intends to rely. ... Howell is cautioned that failure to file an answer in a timely manner as required by this Order may result in entry of default against him for failure to comply with the orders of this Court."

(October 8 Order (doc. 17), at 5.)

In the nearly four weeks following entry of the October 8 Order, Howell has been silent. He has not filed a responsive pleading. He has not requested an extension of time in which to do so. Despite having been cautioned by this Court that the consequence of dilatoriness would be entry of default against him, Howell has failed (without explanation or excuse) to comply with an unambiguous directive by this Court.

**II.    Analysis.**

In this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*,

674 F.2d 1365, 1369 (11th Cir. 1982) ("Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment."). Nonetheless, it is well established that a "district court has the authority to enter default judgment for failure ... to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). That is precisely the situation here.

Where, as here, a defendant has failed to make any substantial attempt to defend himself for nearly three months after service of process, entry of default judgment may be appropriate. Indeed, Rule 55 itself provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend as provided by these rules." Rule 55(a), Fed.R.Civ.P. In a variety of contexts, courts have entered default judgments against defendants who have failed to defend the claims against them following proper service of process. *See, e.g., In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987) ("Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate."); *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992) ("when the court finds an intentional failure of responsive pleadings there need be no other finding" to justify default judgment); *Kidd v. Andrews*, 340 F. Supp.2d 333, 338 (W.D.N.Y. 2004) (entering default judgment against defendant who failed to answer or move against complaint for nearly three months); *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681, 684 (N.D. Ga. 2000) (entering default judgment against counterclaim defendant who had failed to answer or otherwise respond to counterclaim within time provided by Rule 12(a)(2)). In short, then, "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party." *Flynn v. Angelucci Bros. & Sons, Inc.*, 448 F. Supp.2d 193, 195 (D.D.C. 2006) (citation omitted).[1] Such is the case here.

---

[1] To be sure, courts have generally required some notice to be given to a defendant between the time of service of process and entry of default judgment. *See, e.g., International Brands USA, Inc. v. Old St. Andrews Ltd.*, 349 F. Supp.2d 256, 261 (D. Conn. 2004) ("Where a party fails to respond, **after notice** the court is ordinarily justified in entering a judgment against the defaulting party.") (emphasis added and citations omitted); *F.T.C. v. 1263523 Ontario, Inc.*, 205 F. Supp.2d 205, 208 (S.D.N.Y. 2002) (entering default judgment where defendants had failed to respond in any way to summons, complaint and motion for default judgment); *New York State Teamsters Conference Pension and Retirement Fund v. Fratto Curbing Co.*, 875 F. Supp.

Furthermore, district courts possess inherent power to sanction errant litigants before them.  *See Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose "reasonable and appropriate" sanctions."); *F.J. Hanshaw Enterprises, Inc. v. Emerald River Development, Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders.").  By his total noncompliance with the Court's Order entered on October 8, 2008, and his disregard of the specific admonition that failure to comply may result in default, Howell has left the Court with no reasonable alternative but to enter default judgment against him for disregarding court orders and refusing to participate in this litigation.  Indeed, defendant's course of conduct amounts to a deliberate and intentional failure to respond, which is just the sort of dilatory litigation tactic for which the default judgment mechanism was created.  Under the circumstances of this case, the Court specifically finds that no lesser sanction than default judgment will suffice.

Review of the Complaint confirms that it asserts sufficiently specific and detailed facts against Howell to state cognizable claims.  In particular, the Complaint reflects that Howell is indebted to the United States, inasmuch as he received unemployment insurance payments from the U.S. Railroad Retirement Board in 2002 while working for three non-federal employers.  The Complaint further states that Howell failed and refused to repay that debt after demand for same was made by the Government.  "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."  *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Twist and Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp.2d 782, 783 (E.D. Tex. 2006) ("The effect of the entry of default is that it cuts off the defendants' right to appear in the case with respect to liability issues.").  Thus, the legal effect of defendant's

---

129, 131 (N.D.N.Y. 1995) (defendant that had failed to file answer to complaint or otherwise defend was properly notified of motion for default judgment).  Here, Howell is unquestionably on notice of the pending default proceedings.  Copies of both of the Government's requests for default have been served upon him, and the Clerk's Office mailed him a copy of the October 8 Order at the address that he provided.  Clearly, then, no notice issues are implicated by the entry of default judgment against Howell at this time.

default in this case is that he has admitted all well-pleaded facts in the Complaint.

While well-pleaded facts in the Complaint are deemed admitted, plaintiff's allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages. *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp.2d 1342, 1346 (M.D. Fla. 1999); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (federal law requires judicial determination of damages absent factual basis in record); *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (even where default judgment is warranted based on failure to defend, allegations in complaint with respect to damages are not deemed true, and district court must conduct inquiry in order to ascertain damages with reasonable certainty); *Patray v. Northwest Pub., Inc.*, 931 F. Supp. 865, 869-70 (S.D. Ga. 1996) (explaining that it is proper exercise of judicial power for court upon default to take evidence, fix amount which prevailing party should recover, and then give judgment). "The trial judge, sitting without a jury, has considerable latitude in determining the amount of the damages." *Patray*, 931 F. Supp. at 870. Although the trial court must make determinations as to the amount and character of damages, it is not necessary to conduct an evidentiary hearing to fix damages if the amounts sought by plaintiff are adequately supported by supporting affidavits and other documentation. *See, e.g., S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (explaining that evidentiary hearing is not *per se* requirement for entry of default judgment, and may be omitted if all essential evidence is already of record).[2]

Here, the Government's evidentiary showing is adequate to support its entitlement to

---

[2] *See also Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir. 1988) (evidentiary hearing not necessary where facts in the record enable the court to fix the amount which the plaintiff is lawfully entitled to recover); *Ford Motor Co. v. Cross*, 441 F. Supp.2d 837, 848 (E.D. Mich. 2006) (Rule 55 "does not require a presentation of evidence as a prerequisite to the entry of a default judgment, although it empowers the court to conduct such hearings as it deems necessary and proper to enable it to enter judgment or carry it into effect"); *Board of Trustees of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp.2d 1222, 1225 (N.D. Cal. 2005) ("A formal hearing is not required for a court to render a default judgment."); *Adkins v. Teseo*, 180 F. Supp.2d 15, 17 (D.D.C. 2001) (although court must make independent determination of the sum to be awarded, court need not hold a hearing, but may rely on detailed affidavits or documentary evidence); *United States v. Cabrera-Diaz*, 106 F. Supp.2d 234, 243 (D.P.R. 2000) (similar).

damages in the amounts requested. The Complaint was accompanied by a Certificate of Indebtedness in which a representative of the United States Department of the Treasury, Financial Management Service, certified under penalty of perjury that Howell was indebted to the Government in the total amount of $11,952.74 as of July 27, 2007. The Complaint disaggregates that sum as follows: (a) $6,500 in principal; (b) 3% interest per annum in the amount of $911.79 as of July 27, 2007; (c) administrative costs in the amount of $2,674.31; and (d) penalty charges in the amount of $1,866.64. Calculating the accrued interest through the date of entry of this Order reflects that the total amount of interest due to date is $1,160.21 (counting the $911.79 accrued as of July 27, 2007, and an additional $248.42 that has accrued in the interim), for a total indebtedness of **$12,201.16**.[3]

### III. Conclusion.

For all of the foregoing reasons, plaintiff's second Motion for Entry of Default Judgment (doc. 19) is **granted**. Default Judgment will be entered against Howell, in accordance with Rule 55(b)(2), Fed.R.Civ.P., in the amount of **$12,201.16**, plus post-judgment interest at the legal rate of **1.44%**, pursuant to 28 U.S.C. § 1961.

The Clerk of Court is **directed** to mail copies of the Order and Judgment to Howell at his address of record.

DONE and ORDERED this 4th day of November, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3] The additional prejudgment interest amounts were calculated as follows: Interest is accruing on the principal at a rate of $0.53 per diem, which when multiplied across the 465 days from July 27, 2007 through today yields an accrued interest amount of $248.42. The numbers do not exactly match because the $0.53 figure rounds to the nearest penny, whereas the Court's calculations carry that multiplier out several additional decimal places.